## THE NESSMORE.

### PERRY et al. v. THE NESSMORE.

*(Circuit Court, D. Maryland. May 21, 1892.)*

1. **COLLISION—STEAM AND SAIL—NIGHT—LOOKOUT.**
   A steamer going out between the capes of the Chesapeake, and a schooner bound from Bangor to Richmond, collided by night just inside Cape Henry light. The court found that the lights of the schooner were set and burning, and ought to have been seen on the steamer, but were not; nor was any good reason for not seeing them advanced by the steamer. *Held,* that the steamer was in fault.

2. **SAME—EXHIBITION OF FALSE LIGHTS.**
   The steamer was looking for a steam pilot boat as she and the schooner approached on converging courses. The steamer burned a blue light, and the schooner returned a flash light, and afterwards showed a white light on her stern. These lights, and her failure to see the side light, deceived the steamer. *Held,* that the schooner had not sustained the burden of showing that the exhibition of all the lights which she showed, and which were forbidden by law, was not one of the causes of the collision, and that the schooner also was in fault for her lights, and the damages should be divided.
   41 Fed. Rep. 437, modified.

Appeal from the District Court of the United States for the District of Maryland.

In Admiralty. Libel by Oliver H. Perry and others, as owners of the schooner Joseph Wilde, against the steamer Nessmore for collision. Decree below holding the Nessmore solely in fault. Decree for divided damages.

*Frank Goodwin* and *Eugene P. Carver*, for libelants.
*Brown & Brune*, for respondent.

BOND, Circuit Judge. The facts in this case are fully set forth in the opinion filed by the district judge. *The Nessmore*, 41 Fed. Rep. 437. The principal facts are there stated, and all that is necessary to repeat is that on the night of the 25th of August, 1889, the steamship Nessmore, having left Baltimore for Liverpool in charge of a pilot, and nearing Cape Henry at the entrance of Chesapeake bay, was anxious to discharge the pilot, and put him aboard a pilot boat. Those boats generally lie off Cape Henry, inside the mouth of the bay, and when the Nessmore reached the proper place for so doing, a blue light was burned over her port side under her rail, to give notice to any pilot boat there in waiting that she was desirous of putting off her pilot. The Joseph Wilde, a large schooner, was on a voyage from Bangor, Me., to Richmond, Va. The vessels were on intersecting courses. Those on board the steamer, though the night was not very dark, the stars occasionally shining without a moon, did not see the schooner's lights, which, I think, as the district judge found, were set and burning. One of them (her starboard light) was burning after the collision, and this is the light, in the position the vessels were, that ought to have been seen from the Nessmore. Why those in charge of her did not see it the district judge has endeavored to form a theory, but, whether his suggestions are true in point of fact or not, they do not excuse the Nessmore, for it is upon those in charge of her to show affirmatively a good reason for not seeing them. I agree with the district judge that this they have not done, and are in fault. Those in charge of the Nessmore signaled with a blue light for a pilot boat. Upon so doing they saw in the direction from which the pilot boat was expected to come a bright flash light, which they took to be an answer to their signal. At this time the Nessmore had greatly reduced her speed, in order not to pass by the pilot boat, which was supposed to be under steam, approaching her. Then there appeared a white light, which those in charge of the Nessmore took to be a stern light of a vessel going in the same direction as the Nessmore. Both these lights were exhibited on board the schooner, and not on the pilot boat. Not seeing her regulation lights in the rigging, and seeing the other two lights, those on the Nessmore were deceived into thinking that it was the steam pilot boat ahead of them, and not a sailing vessel. The burden rests upon the schooner to show that her exhibition of the lights mentioned, which was forbidden by law, (Act March 3, 1885, c. 354, 23 St. at Large, p. 438,) was not one of the causes of the collision, which shortly afterwards—in a few minutes, indeed—took place. I am of the opinion that both vessels were in fault, and the damages should be divided. A decree will be passed accordingly.